**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

MELISSA S.,

                      Plaintiff,                5:21-CV-420
                                                                (DJS)

     v.

COMMISSIONER OF SOCIAL SECURITY,

                      Defendant.
_____

**APPEARANCES:**                                **OF COUNSEL:**

LAW OFFICES OF STEVEN DOLSON      STEVEN R. DOLSON, ESQ.
Attorney for Plaintiff
126 North Salina Street, Suite 3B
Syracuse, New York 13202

U.S. SOCIAL SECURITY ADMIN.         TIMOTHY S. BOLEN, ESQ.
OFFICE OF REG'L GEN. COUNSEL
Attorney for Defendant
J.F.K. Federal Building - Room 625
15 New Sudbury Street
Boston, Massachusetts 02203

**DANIEL J. STEWART
United States Magistrate Judge**

## MEMORANDUM-DECISION AND ORDER[1]

      Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) seeking review of a decision by the Commissioner of Social Security that Plaintiff was not disabled. Dkt.

---

[1] Upon Plaintiff's consent, the United States' general consent, and in accordance with this District's General Order 18, this matter has been referred to the undersigned to exercise full jurisdiction pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. *See* Dkt. No. 5 & General Order 18.

No. 1.  Currently before the Court are Plaintiff's Motion for Judgment on the Pleadings and Defendant's Motion for Judgment on the Pleadings.  Dkt. Nos. 11 & 13.  For the reasons set forth below, Plaintiff's Motion for Judgment on the Pleadings is granted and Defendant's Motion is denied.

## I. RELEVANT BACKGROUND

### A.  Procedural History

Plaintiff applied for disability and disability insurance benefits on December 12, 2018.  Dkt. No. 10, Admin. Tr. ("Tr."), p. 56.  Plaintiff alleged disability based upon traumatic brain injury and post-traumatic stress disorder.  Tr. at p. 58.  She alleged a disability onset date of October 20, 2017.  Tr. at p. 57.  Plaintiff's applications were initially denied on April 11, 2019, after which she timely requested a hearing before an Administrative Law Judge ("ALJ").  Tr. at pp. 106-116 & 134-135.  Plaintiff appeared at a hearing before ALJ Kenneth Theurer on April 15, 2020 at which Plaintiff and a vocational expert ("VE") testified.  Tr. at pp. 31-55.  On April 28, 2020, the ALJ issued a written decision finding Plaintiff was not disabled under the Social Security Act.  Tr. at pp. 10-21.  On March 12, 2021, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner.  Tr. at pp. 1-6.

### B. The ALJ's Decision

In his decision, the ALJ made the following findings of fact and conclusions of law.  First, the ALJ found that Plaintiff met the insured status requirements of the Social

2

Security Act through December 31, 2023. Tr. at p. 12. Second, he found that Plaintiff had not engaged in substantial gainful activity since October 20, 2017, her alleged onset date. *Id.* Third, the ALJ found that Plaintiff had the following severe impairments: traumatic brain injury, straightening of the cervical spine, post-traumatic stress disorder, neurocognitive disorder, and anxiety. *Id.* Fourth, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1 (the "Listings"). Tr. at p. 13. The ALJ then found that Plaintiff has the residual functional capacity ("RFC") to perform light work with numerous limitations. Tr. at p. 15. Next, the ALJ found that Plaintiff could not perform any past relevant work. Tr. at p. 20. Finally, the ALJ went on to find that there was other work existing in significant numbers in the national economy that Plaintiff could perform. Tr. at pp. 20-21. The ALJ, therefore, concluded that Plaintiff is not disabled. Tr. at p. 21.

## II. RELEVANT LEGAL STANDARDS

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied

correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably

have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

## B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can

be made, the SSA will not review the claim further." *Barnhart v. Thompson,* 540 U.S. 20, 24 (2003).

### III. ANALYSIS

Plaintiff alleges error requiring remand with respect to the ALJ's consideration of various statements in the record from medical providers. Dkt. No. 11-1, Pl.'s Mem. of Law at pp. 5-10. Specifically, she claims first that the ALJ failed to consider several relevant opinions by Dr. Claudine Ward. *Id.* at p. 8. Second, she claims that the ALJ's consideration of other opinions in the record "are so lacking that meaningful judicial review is hindered." *Id.* Plaintiff's argument relates to the allegedly conclusory consideration of the factors relevant for consideration of medical opinions under the Commissioner's regulations. *Id.* at pp. 8-10.

#### A. Commissioner's Regulations Regarding Evaluation of Evidence

The parties agree that this case is governed by Defendant's new regulations for evaluation of medical opinions. *See* Pl.'s Mem. of Law at p. 5; Dkt. No. 13, Def.'s Mem. of Law at pp. 5-6. Under those regulations, an ALJ is required to consider medical opinions in the record under the standards set out in 20 C.F.R. § 404.1520c. "A medical opinion is a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions." 20 C.F.R. § 404.1513(a)(2). Put another way, "[a] medical opinion discusses the plaintiff's ability to perform physical demands of work activities; mental demands of work activities; other demands of work; and adapt to environmental

conditions." *Michael H. v. Saul*, 2021 WL 2358257, at *5 (N.D.N.Y. June 9, 2021). A medical opinion is distinct from objective medical evidence or other medical evidence. "Objective medical evidence is medical signs, laboratory findings, or both." 20 C.F.R. § 404.1513(a)(1). "Other medical evidence is evidence from a medical source that is not objective medical evidence or a medical opinion, including judgments about the nature and severity of your impairments, your medical history, clinical findings, diagnosis, treatment prescribed with response, or prognosis." 20 C.F.R § 404.1513(a)(3). Medical opinions and other medical evidence, therefore, are now distinct categories of evidence. *Shawna Ann J. v. Comm'r of Soc. Sec.*, 2021 WL 733804, at *4 (W.D.N.Y. Feb. 25, 2021). Moreover, the regulations contemplate certain "[e]vidence that is inherently neither valuable nor persuasive." 20 C.F.R. § 404.1520b(c). As to such evidence, the Commissioner will "not provide any analysis about how we considered such evidence in our determination or decision." *Id.*

### B. Statements from Dr. Ward

The ALJ was clearly not obligated to consider a number of statements of Dr. Ward upon which Plaintiff relies. As noted above, the Commissioner's new regulations find certain evidence "inherently neither valuable nor persuasive" and, as such, an ALJ is not required to provide any explanation of how such evidence is considered in a disability determination. 20 C.F.R. § 404.1520b(c). Included in this category are statements that an individual is or is not "able to work, or able to perform regular or continuing work." 20 C.F.R. § 404.1520b(c)(3)(i); *Becky Sue H. v. Kijakazi*, 2022 WL

304518, at *2 n.5 (N.D.N.Y. Feb. 2, 2022) (statements "that a claimant is 'disabled' or 'unable to work' are not medical opinions."). Dr. Ward's treatment notes and correspondence that Plaintiff was limited in the amount of time she could work, could not return to work, or was incapable of gainful employment clearly fall in this category. Tr. at pp. 559, 563, 582, 664, 700, & 873. Statements such as these are clearly determinations reserved for the Commissioner and therefore the ALJ was not required to explain how any such statements were evaluated. 20 C.F.R. § 404.1520b(c)(3); *Rachel D. v. Comm'r of Soc. Sec.*, ____ F. Supp. 3d ____, 2021 WL 5707328, at *6 (W.D.N.Y. Nov. 29, 2021) (citing cases); *Byron B. v. Comm'r of Soc. Sec.*, 2021 WL 4803632, at *7 (W.D.N.Y. Oct. 14, 2021) ("statements that Plaintiff is 'unable to work' are not medical opinions, but rather, are statements on an issue reserved to the Commissioner."). Having reviewed the record, the Court agrees with Defendant that "the majority of the statements made by Dr. [Ward] do not constitute medical opinions, but are instead general opinions that plaintiff is temporarily unable to work, a determination that is reserved to the Commissioner." *Shane C. v. Comm'r of Soc. Sec. Admin.*, 2021 WL 5906236, at *6 (N.D.N.Y. Dec. 14, 2021). Nor was Dr. Ward's "Progress Report" for The Hartford, which does not identify any functional limitations of Plaintiff, Tr. at pp. 695-696, a medical opinion that the ALJ was required to consider.

Plaintiff also objects to the ALJ's consideration of Dr. Ward's specific RFC capacity questionnaire which the ALJ found "less persuasive." Tr. at p. 19 (citing Tr. at pp. 779-783). Plaintiff maintains that "the ALJ's analysis fails to articulate the key

factor of supportability at all and only conclusory [sic] states that the opinions are not consistent with the objective evidence or longitudinal record." Pl.'s Mem. of Law at p. 8. Defendant maintains that the ALJ adequately considered Dr. Ward's medical opinion and provided sufficient justification for finding it less persuasive. Def.'s Mem. of Law at pp. 9-11.

Dr. Ward was a treating provider for Plaintiff. "Under the new regulations, the treating physician rule no longer applies." *Smith v. Comm'r of Soc. Sec.*, 2022 WL 421136, at *10 (S.D.N.Y. Feb. 11, 2022). "Therefore, no special deference is given to the treating physician's opinion." *Id.* (citing, *inter alia*, 20 C.F.R. § 416.920c(a)). The regulations, however, continue to require Defendant to consider many of the same factors previously addressed under the treating physician rule including the supportability and consistency of an opinion with other evidence, the relationship of the medical provider with the patient, and the extent, if any, of a doctor's specialization. *Compare* 20 C.F.R. § 416.920c(a) & (c) *with Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015) (outlining factors relevant under treating physician rule). Under the new regulations supportability and consistency are "[t]he most important factors." 20 C.F.R. § 416.920c(a).

"In all cases the ALJ is required to provide rationale in the written decision sufficient to allow a reviewing court to conduct an adequate review of his findings." *Pamela P. v. Saul*, 2020 WL 2561106, at *4 (N.D.N.Y. May 20, 2020). "Although under the new regulations the ALJ is not required to give specific evidentiary weight to

9

a particular medical opinion, he is still required to articulate how he considered the medical opinion, including explaining how he considered the 'supportability' and 'consistency' factors." *Jaleesa H. v. Comm'r of Soc. Sec.*, 2022 WL 174337, at *5 (W.D.N.Y. Jan. 18, 2022). "Both supportability and consistency in part require comparison of the medical opinions with other medical sources." *Mark K. v. Comm'r of Soc. Sec.*, 2021 WL 4220621, at *4 (W.D.N.Y. Sept. 16, 2021) (citing 20 C.F.R. § 404.1520c(c)(1)-(2)). A conclusory analysis of these factors "precludes the Court from undertaking meaningful review" of the ALJ's decision. *Jaleesa H. v. Comm'r of Soc. Sec.*, 2022 WL 174337, at *6; *see also William B. J. v. Comm'r of Soc. Sec.*, 2022 WL 344059, at *5 (N.D.N.Y. Feb. 4, 2022). Indeed, "[c]ourts in this Circuit have remanded when the ALJ failed to address either supportability or consistency." *William B. J. v. Comm'r of Soc. Sec.*, 2022 WL 344059, at *5.

The ALJ's consideration of Dr. Ward's opinion does not satisfy these requirements. After outlining the limitations opined by Dr. Ward, the ALJ noted only that "[t]his opinion is less persuasive as it is not consistent with the objective evidence . . . and not consistent with the longitudinal record, which do not reflect such extreme limitations as detailed above." Tr. at pp. 18-19. "The supportability factor measures whether the medical opinion is supported by objective medical evidence and accompanying explanations." *Darla W. v. Comm'r of Soc. Sec.*, 2021 WL 5903286, at *8 (N.D.N.Y. Dec. 14, 2021). The ALJ makes no specific reference to the supportability of Dr. Ward's findings. Tr. at p. 19. "Consistency is an all-encompassing inquiry

focused on how well a medical source is supported, or not supported, by the entire record." *Rua-Campusano v. Kijakazi*, 2021 WL 7287628, at *10 (S.D.N.Y. Dec. 10, 2021), *report and recommendation adopted*, 2022 WL 493390 (S.D.N.Y. Feb. 17, 2022) (internal quotation omitted). Here, the ALJ does nothing more than state that the opinion is inconsistent with the record but offers no explanation as to how that is true. The decision did not identify any specific inconsistencies, making it difficult for the Court to assess his conclusions. *William B. J. v. Comm'r of Soc. Sec.*, 2022 WL 344059, at *5 (noting the lack of actual comparison of the medical opinions in the record). Broad, conclusory statements that an opinion is not consistent with the medical record are inadequate under the Commissioner's regulations. *Id.*; *Raymond M. v. Comm'r of Soc. Sec.*, 2021 WL 706645, at *10 (N.D.N.Y. Feb. 22, 2021).

Defendant relies principally on the ALJ's overall discussion of the medical records and various opinions as demonstrating that when read as a whole, the ALJ amply discussed the supportability and consistency of Dr. Ward's opinion. Def.'s Mem. of Law at pp. 9-11. "However, it is not sufficient for an ALJ to merely discuss other medical sources at some point in the decision. Rather, the ALJ is explicitly required to 'explain how [they] considered the supportability and consistency factors for a medical source's medical opinions.'" *Kathleen A. v. Comm'r of Soc. Sec. Admin.*, 2022 WL 673824, at *6 (N.D.N.Y. Mar. 7, 2022) (quoting 20 C.F.R. § 404.1520c(b)(2)) (emphasis omitted). Nor, in any event, does the Court believe that were this sufficient, that the

ALJ discussed the record in sufficient detail here to make it plain why he found Dr. Ward's opinion unsupported by and inconsistent with that record.

For these reasons, remand is required for further consideration of Dr. Ward's medical opinion.

### C. Dr. Griffiths' Evaluation

Plaintiff also objects to the consideration of an evaluative report from Dr. Griffiths. Pl.'s Mem. of Law at p. 9. Dr. Griffiths evaluated Plaintiff to ascertain "her current level of neurocognitive functioning and psychological/emotional functioning." Tr. at p. 743. He provided a detailed evaluation report which largely contained results of various testing conducted by Dr. Griffiths. Tr. at pp. 743-751. Dr. Griffiths' assessment was that Plaintiff's "intellectual deficit impairs the ability to perform highly skilled work." Tr. at p. 750. He further found that Plaintiff had an impaired ability to consistently function over time. *Id.* He also concluded that Plaintiff's "working memory and processing speed deficits preclude sustained performance of job duties quickly, accurately and within a reasonable time frame. The ability to multitask and respond effectively to changing work situation demands and priorities is limited." Tr. at pp. 750-51.

Dr. Griffiths' report provides a medical history, numerous clinical findings, and arguably some judgment about the nature and severity of Plaintiff's impairments. Tr. at pp. 749-751. What it does not contain is a statement about what Plaintiff can do despite his findings. *See* Tr. at pp. 743-751. "Absent a discussion of what Plaintiff could still

do despite her impairments, this letter is more properly considered 'Other medical evidence' under 20 C.F.R. § 404.1513(a)(3)." *Kathleen M. v. Comm'r of Soc. Sec.*, 2022 WL 92467, at *7 (N.D.N.Y. Jan. 10, 2022) (citing cases). As such, the ALJ did not have a specific duty to consider its persuasiveness in reaching his decision on Plaintiff's disability claim. *Michael H. v. Saul*, 2021 WL 2358257, at *6.

## IV. CONCLUSION

**ACCORDINGLY**, it is

**ORDERED**, that Plaintiff's Motion for Judgment on the Pleadings is **GRANTED**; and it is further

**ORDERED**, that Defendant's Motion for Judgment on the Pleadings is **DENIED**; and it is further

**ORDERED**, that Defendant's decision denying Plaintiff disability benefits is **REVERSED** and the matter is **REMANDED** pursuant to sentence four of section 405(g) for further proceedings; and it is further

**ORDERED**, that the Clerk of the Court shall serve copies of this Memorandum-Decision and Order on the parties.

Dated: April 12, 2022
      Albany, New York

_Daniel J. Stewart_
U.S. Magistrate Judge